IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

KHWAJA ISHRAT ALI, *et al.*,　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　*Plaintiffs*,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　) Case No. 1:24-cv-1311 (PTG/WEF)
　　　　　　　　　　　　　　　　　　　　　　)
DANIEL B. REGISTER IV, *et al.*,　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　*Defendants*.　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)

## MEMORANDUM ORDER

This matter comes before the Court on the motions to dismiss filed by Defendants Fairfax Realty of Falls Church LLC, Christine Blackwell, and Dana Wang (collectively, "Defendants Fairfax Realty of Falls Church LLC, *et al.*") (Dkt. 19) and Defendants Daniel B. Register, IV, J. Nicholas D' Ambrosia, and Long & Foster Real Estate, Inc. (collectively, "Defendants Daniel B. Register, IV, *et al.*") (Dkt. 16). Subsequently, this Court entered orders advising Plaintiffs that Defendants' motions could be granted on the basis of their papers if Plaintiffs failed to file responses within twenty-one days from the date each order was entered. Dkts. 18, 23; *see also Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). As a result, Plaintiffs' oppositions to the motions were due on November 11, 2024, and November 28, 2024, respectively. To date, Plaintiffs have not opposed the instant motions to dismiss. For the reasons that follow, the Court grants Defendants' motions to dismiss.

### I. BACKGROUND

The following facts, taken from Plaintiffs' Amended Complaint, are accepted as true for purposes of these motions:

Khwaja Ishrat Ali, Reshma Ali, Kamal Mustafa and Fatima Mustafa (collectively "Plaintiffs") are Maryland residents. Dkt. 11 ("Am. Compl.") ¶ 1. "On May 18, 2004, [Plaintiffs] Kamal Mustafa and Fatima Mustafa bought a property located at 18306 Bubbling Spring Terrace, Boyds, Maryland 20841" (the "Property"). Am. Compl. ¶¶ 2, 28. The Property was secured through a $600,000 mortgage between Plaintiffs Kamal Mustafa, Fatima Mustafa, and Washington Mutual Bank N.A. *Id.* ¶ 29. On April 18, 2014, Federal Deposit Insurance Corporation ("FDIC"), which took over Washington Mutual Bank N.A., and assumed the mortgage, "assigned the deed of trust to the Property to JP Morgan Chase NA ("Chase")." *Id.* ¶ 31. On that same day, April 18, 2014, Chase "sold the loan to PennyMac Corp." *Id.* ¶ 39. "On March 10, 2020, Penny Mac Corp assigned the loan" to TransAm Holdings, LLC. *Id.* ¶ 44; Dkt. 11, Ex. 4 ("Exhibit D"). "On June 23, 20220 [sic], TransAm Holdings, LLC was formed under the laws of Maryland." *Id.* ¶ 55.

On October 2, 2023, a deed was prepared which transferred the Property to another entity also identified as "TransAm Holdings, LLC." *Id.* ¶ 58. On June 28, 2024, "the deputy sheriff showed up with . . . an expired eviction order." *Id.* Defendant "Long & Foster Real Estate Inc., dba Northrop Realty, provided the eviction crew." *Id.* Plaintiff Kamal Mustafa asserted ownership of TransAm Holdings, LLC and thus, also the Property, and attempted to cancel the eviction. *Id.* ¶¶ 86–94. Plaintiff was unsuccessful and the eviction proceeded. *Id.* Defendant "Long & Foster Real Estate Inc., [d/b/a] Northrop Realty employees or contractors were involved in throwing the furniture out on the street." *Id.* ¶ 94. On July 28, 2024, Plaintiffs were officially evicted from the Property. *Id.* ¶ 96.

On August 8, 2024, Defendants Daniel B. Register IV and J. Nicholas D'Ambrosia listed the Property for sale. *Id.* ¶ 100. On August 22, 2024, Defendants Fairfax Realty, Dana Wang, and Christine Blackwell sold the Property. *Id.* ¶ 102.

On July 30, 2024, Plaintiffs Khwaja Ishrat Ali, Reshma Ali, Kamal Mustafa and Fatima Mustafa, proceeding *pro se,* filed this civil action against Defendants Daniel B. Register, IV, J. Nicholas D' Ambrosia, and Long & Foster Real Estate, Inc. and Defendants Fairfax Realty of Falls Church LLC, Christine Blackwell, and Dana Wang as well as Defendants Paul Birkett and Matthew Cohen. Dkt. 1.

Defendants moved to dismiss pursuant to Rule 12(b)(6), contending that Plaintiffs lack standing to bring this case and otherwise fail to state a claim as a matter of law. Dkt. 16, Ex. 1 at 3; Dkt. 20 at 4. Typically, standing challenges are addressed under Rule 12(b)(1) for lack of subject matter jurisdiction. Accordingly, this Court construes the portion of Defendants' motions addressing standing as arising under Rule 12(b)(1). *Pitt Cnty. v. Hotels.com, L.P.*, 553 F.3d 308, 311 (4th Cir. 2009) (noting the district court recharacterized defendant's challenge to standing from a 12(b)(6) motion to dismiss for failure to state a claim to a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction).

## II.  LEGAL STANDARD

Federal district courts are courts of limited subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Under Federal Rule of Civil Procedure 12(b)(1), a defendant may raise the defense that the court lacks subject matter jurisdiction to hear the claim. Typically, when a defendant challenges subject matter jurisdiction factually, the plaintiff carries the burden of proving that jurisdiction is proper by a preponderance of the evidence. *See United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). If a plaintiff does not have Article III standing to sue for each claim, a court must dismiss the Complaint for lack of subject-matter jurisdiction. *Ali v. Hogan*, 26 F.4th 587, 595–96 (4th Cir. 2022). The Court construes *pro se* complaints liberally. *Erickson v. Pardus*, 551

3

U.S. 89, 94 (2007). However, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Zettervall v. Leidos*, No. 1:23-cv-00205, 2023 WL 4494167 at *2 (E.D. Va. July 12, 2023) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### III.  ANALYSIS

As an initial matter, the Court notes that Plaintiffs have failed to oppose the instant motions. Typically, failure to oppose arguments advanced in a dispositive pleading are conceded. *Intercarrier Commc'ns, LLC v. Kik Interactive, Inc.*, No. 3:12-cv-771, 2013 WL 4061259, at *3 (E.D. Va. Aug. 9, 2013) (finding that where a party does not respond to an argument, the argument is "effectively conced[ed]"). Nonetheless, this Court will still address the merits of Defendants' arguments.

#### A. Plaintiffs do not have Article III Standing

As a preliminary matter, both sets of Defendants have challenged Plaintiffs' Article III standing. *See* Dkt. 20 at 3–4; Dkt. 16, Ex. 1 at 3. They argue that Plaintiffs do not have standing to sue because they allege that during the relevant times the Property was owned by TransAm Holdings LLC, a non-party to this action. *See* Dkt. 20 at 3–4; Dkt. 16, Ex. 1 at 3. This Court agrees with Defendants.

To have Article III standing, a plaintiff must allege that they have suffered (1) an "injury in fact;" (2) "fairly traceable" to Defendants' challenged conduct; which is (3) "likely to be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "An injury in fact must be concrete, meaning that it must be real and not abstract . . . and it must affect the plaintiff in a personal and individual way and not be a generalized grievance." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024) (citation modfied). Additionally, a fairly traceable injury is one that "likely was caused or likely will be caused by the defendant's conduct." *All. for Hippocratic Med.*, 602 U.S. at 382.

4

Plaintiffs have failed to allege that they suffered an injury in fact or any injury that was caused by any of Defendants. All of Plaintiffs' claims appear to revolve around the Property and their eviction from it. Chiefly, Plaintiffs allege that the Property was fraudulently transferred from their name to a TransAm Holdings LLC entity they owned. Am. Compl. ¶ 55–62. Plaintiffs allege that the Property was transferred a second time to another TransAm Holdings LLC entity which they did not own. *Id.* No TransAm Holdings LLC entity is a party to this action. Indeed, Plaintiffs attach a Substitute Trustee's Deed which appears to indicate that the Property was foreclosed on and sold to Transam Holdings LLC at 139 Fulton St, Ste 809, New York, NY 10038. Dkt. 11, Ex. 6. Plaintiffs appear to dispute this deed's authenticity because they allege that the underlying Note was never properly assigned. Am. Compl. ¶ 32.

Even assuming without deciding that the current ownership of the Property is in question, based on Plaintiffs' allegations, Plaintiffs would not, on their own, have standing to bring suit. In each count of their Complaint, Plaintiffs allege that "Trans Am Holding LLC was the record owner of the [P]roperty." *See* Am. Compl. ¶¶ 100, 104, 106, 110. They do not clearly specify which TransAm Holding LLC entity was the owner during the relevant times but, as stated, no TransAm Holding LLC entity is a party to this action. Thus, Plaintiffs do not dispute that the Property was owned by an entity called TransAm Holdings, LLC, not Plaintiffs, during the relevant times.

Moreover, even if the appropriate TransAm Holdings LLC entity was a plaintiff in this action, Plaintiffs do not specifically allege which Defendant(s): (1) caused the Property to be fraudulently transferred; (2) caused the Property to be unlawfully seized; (3) made false representations to law enforcement; or (4) otherwise caused Plaintiff's asserted injuries. *See* Am. Compl. ¶¶ 97–113. Plaintiffs cannot establish that they have Article III standing because they do not specifically allege that any Defendants have caused their asserted injuries. Thus, Plaintiffs' injuries are not "fairly traceable" to the conduct of Defendants named in this action. *Lujan*, 504

5

U.S. at 560–61. Accordingly, the Court dismisses Counts I–IV because Plaintiffs lack Article III standing. *Adams Outdoor Advert. Ltd. P'ship v. Beaufort Cnty*, 105 F.4th 554, 566 (4th Cir. 2024) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." (internal citation and quotations omitted)).[1]

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendants Daniel B. Register, IV, *et al.*'s Motion to Dismiss (Dkt. 16) is **GRANTED**; it is further

**ORDERED** that Defendants Fairfax Realty of Falls Church LLC, *et al.*'s Motion to Dismiss is **GRANTED** (Dkt. 19); and it is further

**ORDERED** that this case is hereby **DISMISSED** without prejudice.

The Clerk is **DIRECTED** to close this action and to mail a copy of this Order to Plaintiffs, Khwaja Ishrat Ali, Reshma Ali, Kamal Mustafa and Fatima Mustafa, who are proceeding *pro se*.

This is a final order for the purposes of appeal. To appeal this decision, Plaintiffs must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiffs wants to appeal. Plaintiffs need not explain the grounds for appeal until

---

[1] Because the Court finds that Plaintiffs do not have standing and it lacks subject matter jurisdiction, it is unnecessary to address the balance of Defendants' arguments for dismissal of this action.

6

so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiffs' right to appeal this decision.

Entered this 15th day of August, 2025.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge